472 So.2d 1345 (1985)
METROPOLITAN DRYWALL SYSTEMS, INC., and the Brotherhood of Painters and Allied Trades, Drywall Finishers Local 1942, Appellants,
v.
Bruce W. DUDLEY, Appellee.
No. 84-2134.
District Court of Appeal of Florida, Second District.
July 24, 1985.
James B. Chaplin, Fort Lauderdale, for appellants.
Shannon Whitcomb Anderson of Woodward & Hooley, P.A., Marco Island, Florida, for appellee.
FRANK, Judge.
The appellant, Metropolitan Drywall Systems, Inc. (Metropolitan), has appealed from the entry of a final default judgment and an order denying its motion to set the default aside. The presence in this matter of somewhat unique circumstances requires that we detail the background events.
When this action was initiated in the court below, Metropolitan and a labor organization were co-defendants. The claim asserted against Metropolitan was grounded upon the Fair Labor Standards Act (FLSA), 29 U.S.C. section 201, et seq., and the appellee, Dudley, within the contemplation of section 216 of that statute sought double overtime wages, liquidated damages, attorney's fees and costs. The labor organization was alleged in a separate count to have violated its duty of fair representation, a claim judicially cognizable under section 301 of the National Labor Relations Act, as amended, 29 U.S.C. section 151, et seq. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Each of the foregoing federal statutes confers concurrent jurisdiction upon state and federal courts. Id.; Donahue v. Susquehanna Collieries Co., 138 F.2d 3, (3rd Cir.1943). Thus, within the thirty day period prescribed in the removal statute, 28 U.S.C. section 1441, the labor organization, with Metropolitan's joinder, removed the action *1346 to the United States District Court for the Southern District of Florida consistent with that court's original jurisdiction. Ultimately, the matter was dismissed by the federal court as to the labor organization and Metropolitan was remanded to the lower court. Following remand, Dudley amended his complaint to allege claims only against Metropolitan. The labor organization was erroneously retained as a named defendant in the amended complaint's caption but no substantive allegations were asserted against it. The amended complaint's jurisdictional allegation, in sharp contrast to the one found in the original complaint, makes no mention of the FLSA. Rather, it contains the averment customarily associated with the invocation of a circuit court's statutory jurisdiction, i.e. the amount in controversy exceeds $5,000.00. The amended complaint's jurisdictional paragraph also includes a naked reference to liquidated damages; neither a contract nor a statute is assigned as the predicate for such claim. The pleaded unpaid overtime compensation, computed by the appellee at twice the hourly rate, is in the amount of $4,260.37. Apart, however, from the conclusory claim to liquidated damages, the amended complaint is barren of any allegation upon which to sustain an award of damages beyond that sum.
Following oral argument in this matter we, sua sponte, raised the question of the trial court's subject matter jurisdiction in light of the actual dollar claim set forth in the amended complaint. Thus, we issued an order directing the parties to file supplemental briefs confined to our concern with the lower court's subject matter jurisdiction. The supplemental briefs have been considered. We find the trial court to have been without subject matter jurisdiction.
In determining whether the trial court's jurisdiction was properly invoked, the controlling standard is the amount claimed and in good faith placed in controversy, not the recoverable amount. Norris v. Southern Bell Telephone And Telegraph Company, 324 So.2d 108 (Fla. 3d DCA 1975). Applying that test to the facts contained within the amended complaint, it cannot be said that the appellee pleaded a good faith claim for a sum in excess of $5,000.00. In an effort to overcome the deficiency in the particularly pleaded claim to $4,260.37, the appellee simply urges us to include liquidated damages in the jurisdictional measurement notwithstanding his failure to direct us to an authoritative source for that view. Within a setting composed only of the allegations contained within the amended complaint, the appellee certainly cannot be relying upon the FLSA. It is true, as we have noted above, that that statute does permit the recovery of liquidated damages in an amount twice the amount found to be owing the claimant. But on the record before us, it is evident the appellee wholly abandoned any theory of entitlement to a remedy based upon the FLSA. Indeed, a comparison of the original complaint with the amended complaint leaves no doubt that following remand from the federal court the appellee studiously avoided reliance upon the FLSA  probably to pretermit a second removal to the federal court. Hence, there is nothing within the amended complaint to support the award of liquidated damages and the appellee is left with the pleaded sum of $4,260.37.[1]
Accordingly, we remand this matter to the trial court for the entry of an order vacating the final default judgment and transferring this action to the county court for Collier County.
GRIMES, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] The collective bargaining agreement, upon which the unpaid overtime claim appears to be based, prescribes at ARTICLE SIX, SECTION B, the maximum overtime rate as "time and one-half," not double time. Accordingly, the overtime sum sought by the appellee, if based upon the agreement, is actually less than $4,260.37. The amended complaint, however, hardly stands as a model of artful draftsmanship. For that reason, it may be said that the appellee has attempted to plead an oral agreement that overtime would be paid at the double time rate. Under either circumstance the amended complaint fails to reach the jurisdictional amount.