491 So.2d 345 (1986)
FOOD ASSOCIATES, INC., Harold Adelman, and Leo Mark, Appellants,
v.
CAPITAL ASSOCIATES, INC., a Florida Corporation, et al., Appellees.
No. 85-1962.
District Court of Appeal of Florida, Fourth District.
July 23, 1986.
Melvyn Trute, of Lazan, Trute, Moss, Robbins & Howard, Bay Harbor Islands, for appellants.
No appearance for appellees.
GLICKSTEIN, Judge.
This is an appeal from a summary final judgment in favor of a party that was also *346 involved in Capital Associates, Inc. v. Hudgens, 455 So.2d 651 (Fla. 4th DCA 1984). In that case we specifically found section 672.302(2), Florida Statutes (1983), to apply to leases. The leases in both cases contain the same relevant language. Section 672.302 provides:
(1) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.
(2) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination.
We hold here that subsection (2) was not intended to be resolved by counter affidavit in a summary judgment scenario. Cf. City and County of Honolulu v. Midkiff, 62 Hawaii 411, 419, 616 P.2d 213, 218 (1980).
Accordingly, it was error for the trial court to deny appellants an evidentiary hearing and to conclude, in the absence of same, that the lease was not unconscionable as a matter of law; therefore, we reverse and remand.
Next, we conclude that the trial court erroneously held that appellee was entitled to summary judgment upon the question whether the sale for $1,000 of the cash registers, which had been leased for $25,000, was done in a commercially reasonable manner. The trial court, in rejecting appellant's affidavit, appears to have incorrectly placed the burden of proof regarding this issue upon appellant rather than upon appellee, upon which it properly belonged. See General Development Utilities, Inc. v. Davis, 375 So.2d 20 (Fla. 2d DCA 1979).
In the present case, virtually no evidence was presented by appellee as to the time, place and manner of the sale, other than the fact that appellee's vice president submitted an affidavit saying that appellee accepted the highest of three bids and "sold the same, in accordance with commercially reasonable standards." In Seinfeld v. Commercial Bank & Trust Company, 405 So.2d 1039 (Fla. 3d DCA 1981), the court held that general statements in an affidavit in support of a motion for summary judgment and which are framed in terms of only conclusions of law, do not satisfy movant's burden of establishing nonexistence of a genuine issue of material fact.
Finally, we agree with the trial court that the question of conspicuousness involved in chapter 672, Florida Statutes (1983), was one of law, there being no dispute as to what the contract said or the size and color of the print.
GUNTHER and STONE, JJ., concur.