819 So.2d 171 (2002)
BELLSOUTH MOBILITY LLC, Appellant,
v.
Daniel J. CHRISTOPHER, on behalf of himself and a class of similarly situated persons, Appellee.
No. 4D01-2485.
District Court of Appeal of Florida, Fourth District.
May 8, 2002.
Rehearing Denied June 21, 2002.
*172 John R. Hargrove and W. Kent Brown of Heinrich Gordon Hargrove Weihe & James, P.A., Fort Lauderdale, for appellant.
Lawrence S. Klitzman of Law Offices of Lawrence S. Klitzman, P.A., Coconut Grove; Jonah Orlofsky of Law Offices of Jonah Orlofsky, and David Schachman of Law Offices of David Schachman, Chicago, Illinois, for appellee.
POLEN, C.J.
Bellsouth Mobility LLC ("Bellsouth") appeals from a non-final order denying its motion to dismiss or compel arbitration. We reverse.
Daniel Christopher filed an action seeking class certification to challenge Bellsouth's allegedly overcharging customers for wireless telephone service. Pursuant to the standard form contract at issue, Bellsouth and its subscriber agreed to
USE THEIR BEST EFFORTS TO SETTLE ANY DISPUTE OR CLAIM ARISING FROM OR RELATING TO THIS AGREEMENT. TO ACCOMPLISH THIS, THEY SHALL NEGOTIATE WITH EACH OTHER IN GOOD FAITH. IF COMPANY AND CUSTOMER DO NOT REACH AGREEMENT WITHIN 30 DAYS, INSTEAD OF SUING IN COURT, COMPANY AND CUSTOMER AGREE TO ARBITRATE ANY AND ALL DISPUTES AND CLAIMS (INCLUDING BUT NOT LIMITED TO CLAIMS BASED ON OR ARISING FROM AN ALLEGED TORT) ARISING OUT OF OR RELATING TO THIS AGREEMENT....
The contract also provided that the arbitrator could not award punitive damages and limited recovery by the customer to actual damages. It further precluded class action relief.
Bellsouth moved to dismiss the suit and compel arbitration. The court denied Bellsouth's motion on the ground that the arbitration provision was unconscionable because, among other reasons, Christopher had no true ability to bargain, it was not practical for him to seek another provider *173 of services, and it prevented Christopher from seeking punitive damages, injunctive or declaratory relief, or class relief. Other than the contract at issue, no evidence was presented to support these findings.
Although it is undisputed that this action is subject to the arbitration provision of the contract at issue, Bellsouth disputes that the provision is unconscionable. Courts may properly decline to enforce a contract on the ground that it is procedurally and substantively unconscionable. Powertel, Inc. v. Bexley, 743 So.2d 570 (Fla. 1st DCA 1999), rev. den., 763 So.2d 1044 (Fla.2000). Procedural unconscionability "relates to the manner in which the contract was entered and it involves consideration of such issues as the relative bargaining power of the parties and their ability to know and understand the disputed contract terms." Id. at 574. A court might find that a contract is procedurally unconscionable if important terms were "hidden in a maze of fine print and minimized by deceptive sales practices." Id. (citation omitted); see also Kohl v. Bay Colony Club Condominium, Inc., 398 So.2d 865, 868 (Fla. 4th DCA)("Under the `procedural' rubric come those factors bearing upon ... the `real and voluntary meeting of the minds' of the contracting parties: age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms were possible, whether there were alternative sources of supply for the goods in question.") (citation omitted), rev. den., 408 So.2d 1094 (Fla.1981). In contrast, substantive unconscionability focuses on the agreement itself and looks to whether the terms of the contract are unreasonable and unfair. Powertel, 743 So.2d at 574 (citation omitted).
The contract on its face supports that the arbitration clause is, at a minimum, substantively unconscionable because it requires customers to give up many specific legal remedies. For instance, it expressly limits Bellsouth's liability to actual damages, even if its conduct rises to the level of outrageousness required to assess punitive damages. It also expressly removes Bellsouth's exposure to a class action suit which, in this case, may be warranted due to the numerosity of the small claims asserted, the common questions of law and fact raised by the claims, the typicality of the claims, and Christopher's status as a fair representative of the class. See Fla. R. Civ. P. 1.220(a) (discussing the prerequisites to class representation). Moreover, the substance of the arbitration provision seems unduly unfair. Although customers are bound to arbitration, Bellsouth still has the option of pursuing court action in some instances, including the collection of a debt. In short, the clause gives Bellsouth an unfair advantage.
We are precluded from affirming, however, because there was no evidence presented as to whether Christopher bargained for this provision and knowingly gave up these rights. There likewise was no evidence to support the trial court's findings as to unavailability, or difficulty in obtaining, competing services, or transferring phone numbers, equipment and so on. The trial court made determinations which, although they seem to make sense, are not supported by record evidence. We hold an evidentiary hearing is, thus, required.
REVERSED AND REMANDED for an evidentiary hearing.
STONE and GROSS, JJ., concur.