833 So.2d 820 (2002)
John CHAPMAN and Terry G. VILLAIRE, Appellants,
v.
KING MOTOR COMPANY OF SOUTH FLORIDA, a Florida corporation, Appellee.
No. 4D01-4993.
District Court of Appeal of Florida, Fourth District.
December 4, 2002.
Rehearing Denied January 16, 2003.
*821 Sharon C. Degnan and Diane H. Tutt of Diane H. Tutt, P.A., Plantation, for appellants.
Ricardo A. Reyes of Tobin & Reyes, P.A., Boca Raton and Nancy W. Gregoire of Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, P.A., Fort Lauderdale, for appellee.
WARNER, J.
In this appeal, appellants/plaintiffs challenge the trial court's order requiring the parties to arbitrate their case before they had the opportunity to conduct discovery and have an evidentiary hearing on the issue of the unconscionability of the arbitration clause. Because we conclude that an evidentiary hearing is required, we reverse.
Appellants filed a complaint for violations of the Motor Vehicle Retail Sales Finance Act, the Florida Deceptive and Unfair Trade Practices Act, and for fraud and deceit in connection with the purchase of an automobile from defendant. They further alleged that the arbitration agreement contained in the documents they signed was unconscionable. Without an evidentiary hearing, the trial court ordered the case to arbitration.
A trial court's decision on the validity of an arbitration agreement is a matter of contract interpretation subject to de novo review. See Ocwen Fed. Bank FSB v. LVWD, Ltd., 766 So.2d 248, 249 (Fla. 4th DCA 2000). To support a finding of unconscionability sufficient to invalidate an arbitration clause, the court must find that the contract is both procedurally and substantively unconscionable. See Powertel, Inc. v. Bexley, 743 So.2d 570, 574 (Fla. 1st DCA 1999). On its face, the terms of the arbitration provision in this case reveal similar concerns as to its substantive unconscionability as were found in Powertel where it required appellants to waive certain legal remedies, including their consumer rights under the Deceptive and Unfair Trade Practices Act. See id. at 576. See also Bellsouth Mobility LLC v. Christopher, 819 So.2d 171, 173 (Fla. 4th DCA 2002). Appellants' allegations of procedural unconscionability also raise issues of fact requiring an evidentiary hearing.
We therefore reverse and remand for the court to conduct an evidentiary hearing *822 on the validity of the arbitration clause.
STEVENSON and TAYLOR, JJ., concur.