855 So.2d 726 (2003)
STEWART AGENCY, INC., d/b/a Stewart Toyota of North Palm Beach and Stewart Toyota of North Palm Beach, Appellants,
v.
Elizabeth ROBINSON, Appellee.
No. 4D02-4580.
District Court of Appeal of Florida, Fourth District.
October 15, 2003.
Rehearing Denied October 15, 2003.
Nancy W. Gregoire of Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, P.A., Fort Lauderdale, and Mark J. Dearman of Dearman & Gerson, Plantation, for appellants.
Raymond G. Ingalsbe, Palm Beach Gardens, for appellee.

*727 ON MOTION FOR REHEARING

WARNER, J.
We deny the motion for rehearing but withdraw our prior opinion and substitute the following in its place.
Stewart Agency, Inc. appeals the trial court's order denying its motion to compel arbitration. The court determined the arbitration clause was both procedurally and substantively unconscionable. Because both must be present to invalidate an arbitration clause, and we conclude that the clause is not substantively unconscionable, we reverse.
Appellee, Elizabeth Robinson, filed suit against the Stewart Agency alleging fraud, negligent misrepresentation, and violations of Florida's Deceptive and Unfair Trade Practice Act ("FDUTPA") and Motor Vehicle Retail Sales Finance Act. Stewart moved to compel arbitration based upon the vehicle sales contract which provided as follows:
Any and all controversies or claims concerning the transaction which is the subject of this Vehicle Buyer's Order including, but not limited to fraud in the inducement, breach of contract, Unfair Deceptive Trade Practices, violations of the Federal Consumer Credit Protection Act (Truth in Lending Act) and all claims or disputes of whatever nature arising under or from this Vehicle Buyer's Order or this transaction.... Any such controversy or claim shall be submitted to and settled by arbitration by the American Arbitration Association in southeast Florida in accordance with the commercial rules of the American Arbitration Association and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.
This clause was at the bottom of the sales contract directly above Robinson's signature.
The court conducted an evidentiary hearing at which Robinson admitted she has an associate's degree in business and is employed by the Florida Department of Health. Despite her education in business, she testified that she was unschooled in automobile sales and finance and that while she did not read the clause, she probably would not have understood its import. At the hearing, her attorney submitted a copy of the American Arbitration Association ("AAA") Commercial Dispute Resolution Procedures to demonstrate the cost of arbitration would be in the thousands of dollars, making the arbitration clause unconscionable.
The court entered an order denying the motion to compel arbitration. It detailed at length Robinson's problems with the vehicles she obtained from Stewart. As to the claim of substantive unconscionability, the court found the arbitration clause substantively unconscionable because arbitration limited the remedies available to Robinson under the FDUTPA, particularly declaratory and injunctive relief. As to procedural unconscionability, the court determined that Robinson was "academically handicapped" and was an unschooled layperson. The arbitration clause was embedded in fine print in the contract and did not disclose the expenses of arbitration, which could be as high as $13,000, according to the AAA brochure.
In order to invalidate an arbitration clause as unconscionable, the court must find that the clause is both procedurally and substantively unconscionable. See Chapman v. King Motor Co. of S. Fla., 833 So.2d 820, 821 (Fla. 4th DCA 2002). Procedural unconscionability relates to the manner in which the contract was entered and involves such issues as "the relative *728 bargaining power of the parties and their ability to know and understand the disputed contract terms." Powertel, Inc. v. Bexley, 743 So.2d 570, 574 (Fla. 1st DCA 1999). Substantive unconscionability focuses on the actual agreement and whether the terms are unreasonable and unfair. See id.; see also Kohl v. Bay Colony Club Condo., Inc., 398 So.2d 865, 868 (Fla. 4th DCA 1981). A trial court's decision regarding the validity of an arbitration clause is a matter of contract interpretation subject to de novo review. See Chapman, 833 So.2d at 821.
While we question whether a person with an associate's degree in business could ever be characterized as "academically handicapped," we need not determine whether the factors here showed procedural unconscionability because we conclude that the contract was not substantively unconscionable. The court determined that arbitration was unfair because declaratory and equitable relief were unavailable and, therefore, Robinson was not entitled to all of her statutory remedies under the FDUTPA. However, we have held that claims under FDUTPA are subject to arbitration. See Aztec Med. Servs., Inc. v. Burger, 792 So.2d 617, 622 (Fla. 4th DCA 2001); see also Value Car Sales, Inc. v. Bouton, 608 So.2d 860, 861 (Fla. 5th DCA 1992).
Secondly, unlike the clause in Powertel which limited the consumer to actual damages and precluded class action litigation, 743 So.2d at 576, the clause in this case does not limit the relief available through arbitration. Therefore, the arbitrators are free to enter an award having an injunctive or declaratory component to it. See generally Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 32, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) (acknowledging arbitrators have power to fashion equitable remedy).
Finally, we conclude that the cost of arbitration is actually a matter of substantive, not procedural, unconscionability, see Ting v. AT & T, 182 F.Supp.2d 902, 903 (N.D.Cal.2002), rev'd in part by, 319 F.3d 1126 (9th Cir.2003), although some courts have considered this a separate defense from unconscionability. See, e.g., Mendez v. Palm Harbor Homes, Inc., 111 Wash.App. 446, 45 P.3d 594 (2002). Nevertheless, the record before this court does not contain evidence that arbitration would have been prohibitively expensive for Robinson. The arbitration clause is silent as to who must pay the fees, and the court's determination is merely an estimate of the fees.
In Green Tree Financial Corp.-Alabama v. Randolph, 531 U.S. 79, 92,121 S.Ct. 513, 148 L.Ed.2d 373 (2000), the Supreme Court held that "where ... a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." Green has been interpreted as requiring the party seeking to avoid the arbitration agreement on the ground that it may involve some cost shifting to establish that the agreement would preclude him from effectively vindicating his rights by showing the likelihood, not the possibility, of incurring such costs. See Musnick v. King Motor Co. of Fort Lauderdale, 325 F.3d 1255, 1259-60 (11th Cir.2003). The estimate of fees as high as $13,000 was speculative, and appellant noted that a filing fee of only $500 was probable with an advance cost of $1,000 for one arbitrator. The very portions of the rules of arbitration attached to the court's order note that the AAA may, in the event of hardship, defer or reduce administrative fees. There is nothing to show that the expense of arbitration is greater than the expense of litigating the issues or would *729 prevent the appellee from vindicating her statutory rights. Therefore, the record is insufficient to support this as a basis for substantive unconscionability.
Having determined the arbitration clause is not substantively unconscionable, we reverse the trial court's order and direct an order be entered compelling arbitration.
Reversed.
SHAHOOD and TAYLOR, JJ., concur.