882 So.2d 476 (2004)
TROPICAL FORD, INC., Appellant,
v.
Mona MAJOR, Appellee.
No. 5D03-3000.
District Court of Appeal of Florida, Fifth District.
September 17, 2004.
*477 Gregory M. Wilson, Orlando, for Appellant.
Steven M. Fahlgren of the Law Offices of Steven M. Fahlgren, P.A., Orlando, for Appellee.
PALMER, J.
Tropical Ford appeals the trial court's non-final order denying its motion to compel arbitration on appellee Mona Major's tort claims. Concluding that the trial court erred in denying said motion, we reverse.[1]
Mona Major filed a complaint against Tropical Ford alleging claims of fraud, negligent misrepresentation, and a violation of the Magnuson-Moss Warranty Act. See 15 U.S.C. § 2301 et seq. The complaint alleged that Major had purchased a car from Tropical Ford and had been assured that the car was in good condition and had no problems but that Major later learned that the car had been in a major accident and had sustained damages which significantly reduced its value.
Tropical Ford responded to the complaint by filing a motion to stay and/or abate, requesting that the case be stayed until the parties could participate in mediation and, if such mediation failed, binding arbitration as set forth in the dispute resolution agreement executed by the parties. Said agreement provided that any and all claims, disputes, or issues involving the customer and the dealer must be submitted to mandatory mediation, and if mediation should fail, mandatory arbitration. Major's signature is at the bottom of the dispute resolution agreement.
Major filed a response to the motion claiming that the dispute resolution agreement was both procedurally and substantially *478 unconscionable and thus unenforceable, and that the arbitration agreement did not apply to her Magnuson-Moss Warranty claims. A hearing was held on the motion. After considering the arguments of counsel and the supporting memoranda of law, the trial court denied Tropical Ford's motion to compel arbitration, stating as follows:
1. First, the Defendant [Tropical Ford] attempts to enforce the arbitration clause included in the original sales agreement. The issue arises of whether the arbitration clause is procedurally unconscionable. "One of the hallmarks of procedural unconscionability is the absence of any meaningful choice on the part of the consumer." Powertel v. Bexley, 743 So.2d 570, 574 (Fla. 1st DCA 1999). In the case at bar, the Plaintiff had no choice but to sign the sales agreement if she wished to purchase the Defendant's car. The Defendant made no effort to point out or explain the arbitration clause to the Plaintiff, therefore, the arbitration clause is procedurally unconscionable.
2. Second, the arbitration agreement is included within the sales agreement, and not within the warranty. "Compelling arbitration on the basis of an arbitration agreement that is not referenced in the warranty presents an inherent conflict with the Act's purpose of providing clear and concise warranties to consumers." Cunningham v. Fleetwood Homes of Georgia, Inc., 253 F.3d 611, 622 (11th Cir.2001). Since the arbitration clause was not included within the warranty provision as required by the Magnuson-Moss Warranty Act, the arbitration clause is not enforceable.
Tropical Ford timely appealed this ruling, arguing that Major's tort claims should have been ordered to proceed to arbitration. We agree.
An appellate court reviews de novo a trial court's ruling on a motion to compel arbitration. Avid Engineering, Inc. v. Orlando Marketplace Ltd., 809 So.2d 1 (Fla. 5th DCA 2001). The determination of whether an issue is subject to arbitration is a matter of contract interpretation, and appellate review on that issue is also de novo. Ocwen Federal Bank FSB v. LVWD, Ltd., 766 So.2d 248 (Fla. 4th DCA 2000).
In Seifert v. U.S. Home Corp., 750 So.2d 633 (Fla.1999), the Florida supreme court explained as follows:
Under both federal statutory provisions and Florida's arbitration code, there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. See Terminix Int'l Co. L.P. v. Ponzio, 693 So.2d 104, 106 (Fla. 5th DCA 1997).
Id. at 636.
Here, there is a written dispute resolution agreement signed by the parties.[2] *479 The agreement clearly states that all claims are covered by the agreement and there is no argument that either party had waived its right to arbitration. Since all three of the elements that the trial court was required to consider are present in this case, Tropical Ford was entitled to receive an order compelling arbitration unless Major established that the arbitration clause was unenforceable.
In an effort to establish that the arbitration clause was unenforceable, Major first argued that the dispute resolution section of the sales contract was unconscionable.
In order to invalidate an arbitration clause as unconscionable, the court must find that the clause is both procedurally and substantively unconscionable. Chapman v. King Motor Co. of S. Fla., 833 So.2d 820 (Fla. 4th DCA 2002). Procedural unconscionability relates to the manner in which the contract was entered into and involves such issues as the relative bargaining power of the parties and their ability to know and understand the disputed contract terms. Powertel, Inc. v. Bexley, 743 So.2d 570 (Fla. 1st DCA 1999). Substantive unconscionability focuses on the actual agreement and whether the terms are unreasonable and unfair. Id.
Here, it is obvious on the face of the trial court's order denying Tropical Ford's motion to compel arbitration that the court failed to set forth any findings of substantive unconscionability. As such, the order must be reversed. Furthermore, although the trial court made a finding of procedural unconscionability, the instant record lacks competent substantial evidence to support same.
In that regard, to determine whether a contract is procedurally unconscionable, a court must look to the circumstances surrounding the transaction to discover whether the complaining party had a meaningful choice at the time the contract was entered. Gainesville Health Care Ctr., Inc. v. Weston, 857 So.2d 278 (Fla. 1st DCA 2003). Among the factors to be considered in determining whether a contract is procedurally unconscionable are whether the complaining party had a realistic opportunity to bargain regarding the terms of the contract or whether the terms were merely presented on a take-it-or-leave-it basis, and whether he or she had a reasonable opportunity to understand the terms of the contract. Id.
The trial court set forth the following findings in its order denying Tropical Ford's motion to compel arbitration:
In the case at bar, the Plaintiff had no choice but to sign the sales agreement if she wished to purchase the Defendant's car. The Defendant made no effort to point out or explain the arbitration clause to the Plaintiff, therefore, the arbitration clause is procedurally unconscionable.
However, our review of the hearing transcript reveals that there was no testimony presented regarding the circumstances involved in the signing of the instant sales agreement. Therefore, the trial court's finding of procedural unconscionability is not supported by substantial competent evidence. Accordingly, both of Major's tort claims must proceed to arbitration.[3]
*480 REVERSED and REMANDED for entry of an order compelling arbitration on Major's tort claims.
PLEUS and ORFINGER, JJ., concur.
NOTES
[1] See Fla. R.App. P. 9.130(a)(3)(C)(iv)(authorizing appeals of non-final order determining a party's right to proceed to arbitration).
[2] Major claims in her brief that Tropical Ford failed to prove that she had signed the dispute resolution agreement. This claim is not supported by the record because, in Major's response to Tropical Ford's motion to stay and/or abate and to extend time and enter protective order and Major's motion for evidentiary hearing, Major made the following statement: "The arbitration provision signed by Plaintiff was clearly an adhesion contract because she was not able to negotiate any of the terms or provisions." (Emphasis added). Thus, Major admitted in her own pleadings that she signed the dispute resolution agreement.
[3] In its brief, Tropical Ford properly concedes that the trial court correctly ruled that since the arbitration clause was not included within the warranty provision as required by the Magnuson-Moss Warranty Act the arbitration clause is not enforceable as to Major's warranty count, yet requests that this court review the issue of whether Major possesses a valid claim under the Magnuson-Moss Warranty Act. Specifically, Tropical Ford argues that there is no written warranty upon which Major can base a valid claim under the Act. However, the determination of such a claim must be made by the trial court, not this court during this appeal, because this appeal was filed under rule 9.130(a)(3)(C)(iv) which limits the scope of our review to the determination of whether or not the trial court erred in denying Tropical Ford's motion for arbitration.