890 So.2d 477 (2004)
Frank RAPPA, Appellant,
v.
ISLAND CLUB WEST DEVELOPMENT, INC., et al., Appellee.
No. 5D03-3903.
District Court of Appeal of Florida, Fifth District.
December 30, 2004.
*478 Carol Swanson, of the Law Offices, Carol Swanson, Orlando, for Appellant.
Ladd H. Fassett and Phil A. D'Aniello, of Fassett, Anthony & Taylor, P. A., Orlando, for Appellee.
ORFINGER, J.
Frank Rappa appeals the trial court's order compelling him to arbitrate a dispute with his former employer, Island Club West Development, Inc. Because we conclude the trial court lacked subject matter *479 jurisdiction to enter the order, we quash the circuit court's order and remand with directions that this matter be transferred to the county court.
From the limited record available to us, it appears that Rappa entered into an employment agreement ("Agreement") with Island Club. The Agreement provided, among other things, that Rappa's employment was at will, terminable by either party at any time, and contained an arbitration provision in the event of any dispute arising between the parties. Rappa began his employment with Island Club, and within a week, was either fired, according to Rappa, or quit, according to Island Club. In either event, Rappa left Island Club's employ, and contends that he returned all company property. By contrast, Island Club alleges that Rappa left its employ without notice, and failed to return company property entrusted to him.
Several months after Rappa's departure, Island Club notified Rappa that it was initiating arbitration proceedings against him pursuant to the arbitration provisions of the Agreement. The notice informed Rappa that it was seeking $5,000 for leaving its employ without notice and for removing company property. Rappa responded by initiating the instant lawsuit in the circuit court of Orange County, Florida. Rappa's suit sought damages pursuant to the Fair Labor Standards Act, 29 U.S.C. section 216(b), and section 448.08, Florida Statutes (2003). Specifically, Rappa's complaint sought recovery for one week of unpaid wages and a declaration that the Agreement was not a contract, or that it was unenforceable because it was unconscionable.
Island Club filed a motion to dismiss, or, alternatively, to compel arbitration. After a hearing was held on Island Club's motion, the trial court entered an order, compelling arbitration in accordance with the Agreement. This appeal followed.
Island Club contends that the circuit court lacked subject matter jurisdiction to hear Rappa's claims. We agree. Although none of the parties questioned the circuit court's jurisdiction below, their failure to raise this issue below does not preclude this court from addressing it for the first time on appeal where a jurisdictional infirmity appears on the face of the record. See, e.g., Hoechst Celanese Corp. v. Fry, 693 So.2d 1003, 1007 (Fla. 3d DCA 1997) (citations omitted). The circuit courts of Florida have subject matter jurisdiction over actions at law in which the matter in controversy exceeds $15,000, exclusive of interest, costs, and attorney's fees. See Art. V, § 20(c)(3), Fla. Const.; §§ 26.012(2)(a), 34.01(1)(c)4., Fla. Stat. (2003). In determining whether the trial court's jurisdiction was properly invoked, the controlling standard is the amount claimed and in good faith placed in controversy, not the amount actually recovered. See Metro. Drywall Sys., Inc. v. Dudley, 472 So.2d 1345 (Fla. 2d DCA 1985).
Here, the bare allegation of an amount in controversy exceeding $15,000 is insufficient to confer jurisdiction upon the circuit court because the facts alleged in the complaint demonstrate an amount that is substantially less than $15,000. The parties concede that Island Club's claim in arbitration seeks no more than $5,000 in damages, while Rappa's claim for unpaid wages is, at most, $615, excluding interest, costs and attorney's fees. If Rappa can make no better showing than that contained in his initial pleading, the case should be transferred to county court, which has equitable jurisdiction over matters within its jurisdictional amount. Spradley v. Doe, 612 So.2d 722 (Fla. 1st DCA 1993) (holding that circuit court lacked subject matter jurisdiction to consider plaintiff's civil *480 rights complaint seeking declaratory judgment and nominal, compensatory, and punitive damages in amount of $950; based upon amount in controversy and relief requested, claim had to be heard in county court); see § 86.011, Fla. Stat. (2003) (stating that "circuit courts and county courts have jurisdiction within their respective jurisdictional amounts to declare rights ...") (emphasis added); Sullivan v. Nova Univ., 613 So.2d 597 (Fla. 5th DCA 1993); Aysisayh v. Ellis, 497 So.2d 1316 (Fla. 1st DCA 1986).
Under both federal statutory provisions and Florida's Arbitration Code, there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. See Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999); Terminix Int'l Co., LP v. Ponzio, 693 So.2d 104, 106 (Fla. 5th DCA 1997). In the declaratory action below, Rappa challenged the validity of the arbitration provisions, arguing that the Agreement was unconscionable. Chapman v. King Motor Co. of S. Fla., 833 So.2d 820 (Fla. 4th DCA 2002) (recognizing that in order to invalidate an arbitration clause as unconscionable, the court must find that the clause is both procedurally and substantively unconscionable). It does not appear from the record that the trial court considered this issue before compelling the parties to submit to arbitration. This was error because the court is required to resolve this issue before compelling arbitration. See Tropical Ford, Inc. v. Major, 882 So.2d 476 (Fla. 5th DCA 2004) (holding that trial court erred in invalidating arbitration clause as invalid for unconscionability, given that trial court failed to set forth any findings of substantive unconscionability and its finding of procedural unconscionable was not supported by evidence); Fotomat Corp. of Fla. v. Chanda, 464 So.2d 626, 631 (Fla. 5th DCA 1985) (reversing and remanding where court refused to consider and apply the procedural/substantive test or any other objective test to determine the issue of unconscionability). Accordingly, on remand, the county court should hold an evidentiary hearing to determine whether the Agreement is unconscionable before deciding whether to compel the parties to arbitration. See Chapman v. King Motor Co. of S. Fla., 833 So.2d 820, 821 (Fla. 4th DCA 2002) (holding that purchasers were entitled to evidentiary hearing on unconscionability of arbitration agreement); Food Assocs., Inc. v. Capital Assocs., Inc., 491 So.2d 345, 345 (Fla. 4th DCA 1986) (finding that trial court erred in determining issue of unconscionability of equipment leases without first conducting evidentiary hearing on the issue).
ORDER QUASHED and REMANDED.
PETERSON and TORPY, JJ., concur.