GROSS, J.,
concurring specially.
This is an appeal of an order compelling arbitration.
In a case involving Florida’s Deceptive and Unfair Trade Practices Act, I am concerned about an arbitration clause, such as the one in this case, that provides that arbitration be conducted according to the “Commercial Arbitration Rules of the American Arbitration Association.”
In the court below, an affidavit of a vice president of the Association indicates that fees charged depend on whether the arbitration is bound by the commercial rules or the consumer supplement. The consumer supplement requires the business, not the consumer, to pay the filing fee, and would limit both the amount of the arbitrator’s actual fee and the consumer’s portion of the fee. For claims under $10,000, a consumer’s expense is limited to $125; for claims up to $75,000, a consumer’s expense is limited to $375. If a claim exceeds $75,000 in damages or seeks declaratory or injunctive relief, the commercial rules on fees apply. Under the commercial rules, claims such as appellants’ require a filing fee of $3,250, a case service fee of $1,250, plus arbitrators’ fees and hearing room rental. The Association has hardship procedures in place to waive arbitration costs and some arbitrators will work on a pro bono basis. Otherwise, arbitrator fees range from $500 to $4,000 per day.
When cases involve consumer statutes such as the Florida’s Deceptive and Unfair Trade Practices Act, the application of the Association’s commercial rules may have a chilling effect by drastically limiting access to a dispute resolution forum. However, in Stewart Agency, Inc. v. Robinson, 855 So.2d 726, 728 (Fla. 4th DCA 2003), a case involving similar facts, we required the consumer opposing arbitration to make a record showing “that arbitration would have been prohibitively expensive.” I recognize that Stewart Agency controls this case. There was no record showing in this case sufficient to meet the requirements of Stewart Agency.