KELLY, Judge.
Zephyr Haven Health and Rehab Center, Inc. (“Zephyr Haven”), appeals the trial court’s order denying its motion to dismiss and compel arbitration of the claims filed against it by Brenda Lee Miller Clukey, as personal representative of the Estate of Roy Clukey. For the reasons expressed below, we reverse and remand for further proceedings.
Mrs. Clukey, acting pursuant to a durable power of attorney signed by Mr. Clu-key, admitted her husband to Zephyr Haven’s nursing facility where he resided for approximately two and a half years. Days after his discharge from the facility, Mr. Clukey died. Mrs. Clukey, as personal representative of the Estate, sued Zephyr Haven for violation of Mr. Clukey’s nursing home residents’ rights, negligence, and wrongful death. Zephyr Haven moved to compel arbitration pursuant to the arbitration agreement Mrs. Clukey signed when Mr. Clukey was admitted to the facility. The arbitration agreement was part of the nursing home admission agreement, execution of which was not required as a condition of admission to the facility. After a hearing, the trial court denied the motion to compel arbitration, finding that the durable power of attorney did not give Mrs. Clukey the authority to enter into the nursing home admission agreement on her husband’s behalf. The court also found that the arbitration provision was substantively unconscionable because Mr. Clukey’s estate did not have the ability to pay the costs associated with arbitration and was procedurally unconscionable because of the manner in which the admissions agreement was presented to Mrs. Clukey.
On appeal, Zephyr Haven first challenges the trial court’s determination that Mrs. Clukey did not have the authority to enter into the nursing home admission agreement based on language in the durable power of attorney which states: “This document does not authorize anyone to make medical or other health care decisions. You may execute a health care proxy to do this.” However, contrary to what the trial court found, the Estate acknowledged both here and in the trial court that Mrs. Clukey would have qualified as a person who could act as a health care proxy for Mr. Clukey, and accordingly, in that capacity she was authorized to sign the admission agreement but not authorized to sign the arbitration agreement. In support of that argument, the Estate cited Blankfeld v. Richmond Health Care, Inc., 902 So.2d 296, 299-300 (Fla. 4th DCA 2005), for the proposition that a health care proxy is not authorized to agree to arbitration because that is not strictly a health care decision. Mrs. Clukey, howev *1232 er, was not simply acting as a health care proxy.
Mrs. Clukey was also acting pursuant to a durable power of attorney, and it was in that capacity that she was authorized to agree to arbitration. Specifically, the power of attorney states that the attorney-in-fact could act on Mr. Clukey’s behalf with respect to, among other things, “claims and litigation” and “all other matters.” We have previously held that such grants of authority include the power to agree to enter into an arbitration agreement. See Candansk, LLC v. Estate of Hicks, 25 So.3d 580, 583-84 (Fla. 2d DCA 2009). Moreover, the power of attorney was executed in New York, and under New York law, a power of attorney that gives an agent authority with respect to “claims” and “litigation” empowers the agent to “submit to alternative dispute resolution” or settle “any claim existing in favor of or against the principal, or any litigation to which the principal is, or may become or be designated a party.” N.Y. Gen. Oblig. Law § 5-1502H(5) (2005).
Zephyr Haven next challenges the trial court’s determination that the arbitration agreement was procedurally and substantively unconscionable. The trial court found that the agreement was substantively unconscionable because the Estate did not have the ability to pay the costs of arbitration. Although couched in terms of substantive unconscionability, the Estate’s argument regarding the costs of arbitration is in all material respects the same as the one we rejected in Zephyr Haven Health & Rehab Center, Inc. v. Hardin, 122 So.3d 916 (Fla. 2d DCA 2013). As was the case in Hardin, the Estate in this case has failed to carry its burden to demonstrate that the likely cost of arbitrating this specific claim would exceed its litigation expenses. See id. at 922-23. Accordingly, the trial court erred when it found that the agreement was substantively unconscionable. Because the Estate has failed to demonstrate that the agreement was substantively unconscionable, this court need not reach the issue of whether the manner in which the agreement was entered was procedurally unconscionable. See, e.g., Bland ex rel. Coker v. Health Care & Ret. Corp. of Am., 927 So.2d 252, 256 (Fla. 2d DCA 2006), abrogated on other grounds by Shotts v. OP Winter Haven, Inc., 86 So.3d 456 (Fla.2011); Stewart Agency, Inc. v. Robinson, 855 So.2d 726, 727 (Fla. 4th DCA 2003) (explaining that a court must find both substantive and procedural unconscionability before permitting a party to avoid arbitration for uncon-scionability).
The trial court erred in finding that Mrs. Clukey had no authority to enter into the admissions agreement and by implication the arbitration agreement. It also erred when it determined that the arbitration agreement was substantively unconscionable because the Estate did not have the ability to pay the costs of arbitration. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
MORRIS and SLEET, JJ„ Concur.