DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PROGRESSIVE AMERICAN INSURANCE COMPANY,**
Appellant,

v.

**BROWARD INSURANCE RECOVERY CENTER, LLC** a/a/o **ALBERT LINARES,**
Appellee.

No. 4D21-542

[May 26, 2021]

Nonfinal appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Steven DeLuca, Judge; L.T. Case No. CONO17-001287, CACE20-7748.

Alexandra Valdes and Daniel Montgomery of Cole, Scott & Kissane, P.A., Miami, for appellant.

Joseph R. Dawson of Law Offices of Joseph R. Dawson, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

This case concerns the availability of the prohibitive cost doctrine to challenge an insurer's invocation of an appraisal process provided for in the insurance policy. We hold that the doctrine is not available to invalidate an insurer's election of the appraisal process.

This case was transferred from the circuit court due to the recent change in appellate jurisdiction. The circuit court granted a certiorari petition and quashed a county court order that had applied the prohibitive cost doctrine to preclude appraisal of a windshield repair claim. The plaintiff in the county court case filed a timely motion for rehearing, which remained pending following the transfer to this Court.

We treat the petition for certiorari as a nonfinal appeal. The order at issue determines the right to appraisal and is appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). Under *Mallory v.*

*Brinckerhoff*, 312 So. 3d 944 (Fla. 4th DCA 2021), the order at issue is now appealable in this Court following the transfer from circuit court.

We grant the motion for rehearing, but nonetheless reverse the order of the county court. Our reasoning differs from that of the circuit court.[1]

### *Background*

Albert Linares had a comprehensive automobile insurance policy with Progressive American Insurance Company that provided coverage for breakage of window glass. The policy stated that Progressive would pay (without a deductible) up to the "prevailing competitive labor rates charged in the area where the property is to be repaired and the cost of repair or replacement parts and equipment" as reasonably determined by the insurer.

In 2015, Linares's covered vehicle suffered windshield damage. He had it repaired by Clear Vision Windshield Repair, LLC. Linares assigned his insurance benefits to Clear Vision, which submitted an invoice to Progressive for $117.70. Progressive determined that the reasonable repair cost was $60 and sent Clear Vision a letter invoking the right to appraisal under the policy. Clear Vision failed to respond within the 30-day time provided for in the policy. Progressive sent another letter deeming Clear Vision to have accepted Progressive's determination of a reasonable cost of repair and paying $60 for the claim.

Clear Vision assigned its rights under the policy to Broward Insurance Recovery Center ("BIRC"). In 2017, BIRC filed a small claims statement of claim in the county court asserting a breach of contract for failing to pay the full amount of the repair invoice, $117.70.

Progressive moved to dismiss or abate the action and to compel an appraisal. BIRC moved for an evidentiary hearing, arguing that it had a right to present evidence that the cost of appraisal was prohibitive and that the clause was therefore unenforceable. The policy's appraisal clause required the insurer and insured to each select a competent and impartial appraiser. If the appraisers were unable to agree as to the amount of the loss, the appraisers would select an impartial umpire to settle the dispute. The policy required the insured to pay the cost for its appraiser and to split all other costs with the insurer – including the cost of an umpire if necessary.

---

[1] However, we do not disturb the circuit court's denial of Broward Insurance Recovery Center's motion for attorney's fees.

After an evidentiary hearing, the county court ruled that the prohibitive cost doctrine precluded appraisal. The evidence at the hearing established that the damages at issue was $117.70 and that BIRC would have to spend between $150 and $200 for an appraiser as well as the cost of an umpire if one became necessary.

Challenging the order, Progressive petitioned for a writ of certiorari in the circuit court. The circuit court granted the petition and quashed the county court's order. The circuit court reasoned that BIRC failed to carry its burden of showing that the cost of appraisal would grossly exceed the cost of litigation. BIRC moved for rehearing, which remained pending when the case was transferred to this court. In its motion, BIRC pointed out that the actual amount of damages was liquidated at about $26 and contended that it had shown that it would cost at least $150 to appraise the claim.

### *Discussion*

We decline to extend the prohibitive cost doctrine to the contractually-mandated appraisal process here at issue. The doctrine arose in arbitration cases and has been applied in arbitration cases. Apart from the traditional court system, arbitration is an alternate forum for litigation where the competing parties have the chance to present evidence to a finder of fact. The contractual appraisal process contemplates a more abbreviated dispute resolution than either arbitration or the court system. The sole focus of the appraisal is the amount of the loss. Such a narrowly-focused, bargained-for dispute resolution mechanism may deliver benefits to both sides—lower rates for the insured and lower litigation costs for the insurer. Absent a directive from the Florida Supreme Court, this Court should not rewrite the contract by imposing a judge-crafted doctrine to bypass the contractual remedy.

The prohibitive cost doctrine is a "defense which has been developing since the United States Supreme Court's opinion in *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79 (2000)." *Zephyr Haven Health & Rehab Ctr., Inc. v. Hardin (ex rel. Hardin)*, 122 So. 3d 916, 921 (Fla. 2d DCA 2013) (parallel citations omitted). The significant Florida cases discussing the prohibitive cost doctrine all recognize its applicability to cases where arbitration is at issue.

For example, in *Stewart Agency, Inc. v. Robinson*, 855 So. 2d 726, 728 (Fla. 4th DCA 2003), we explained that "*Green* [*Tree*] has been interpreted as requiring the party seeking to avoid the *arbitration* agreement on the

3

ground that it may involve some cost shifting to establish that the agreement would preclude him from effectively vindicating his rights by showing the likelihood, not the possibility, of incurring such costs." (Emphasis supplied). Similarly, *Zephyr Haven* recognized that a person seeking to invalidate an arbitration agreement must make "some showing of individualized prohibitive expense" that is "so substantial as to deter the bringing of claims." 122 So. 3d at 922 (quoting *Bradford v. Rockwell Semiconductor Sys., Inc.*, 238 F.3d 549, 556–57 (4th Cir. 2001)). In *Fl-Tampa, LLC v. Kelly-Hall*, 135 So. 3d 563, 567 (Fla. 2d DCA 2014), the court observed that "since *Green Tree* the issue of the prohibitive costs of *arbitration* has developed into a separate defense to the enforcement of an *arbitration* agreement." (Emphasis supplied). We have found no authority for extending the doctrine to an appraisal process like the one involved in this case.[2]

Based on the foregoing, we grant the motion for rehearing and reverse the order of the county court for the reasons expressed in this opinion.

*Reversed and remanded.*

WARNER and GROSS, JJ., concur.
ARTAU, J., concurs specially with opinion.

ARTAU, J., concurring specially.

While I concur with the majority's conclusion that this court cannot rewrite the contract provision mandating appraisal by imposing a judge-crafted doctrine, I write separately to express my view that judges are not policymakers. Thus, in the absence of legislative authority, we should not apply such a doctrine to rewrite this or any other contractual provision.

Accordingly, I fully concur with the granting of the motion for rehearing and reversal of the county court's application of a judge-crafted doctrine to preclude enforcement of the contractual provision mandating appraisal.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] We also question whether an assignee of benefits under the insurance policy on a post-loss claim can challenge the remedial provisions of the policy, having taken the assignment with full knowledge of the terms of the appraisal process. *See Webb Roofing & Constr., LLC v. Fednat Ins. Co.*, 2D20-1881, 2021 WL 1277974 (Fla. 2d DCA Apr. 7, 2021).