# Third District Court of Appeal

## State of Florida

Opinion filed January 31, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0798
Lower Tribunal No. 21-21885
_____

**Sarah Lazow**,
Appellant,

vs.

**Amber B. Glasper, P.A.**,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Michel O. Weisz, P.A., and Michel O. Weisz, for appellant.

Roniel Rodriguez IV, P.A., and Roniel Rodriguez, IV, for appellee.

Before LOGUE, C.J., and LOBREE and BOKOR, JJ.

BOKOR, J.

Sarah Lazow appeals from the trial court's denial of her motion to set aside a default final judgment. On appeal, Lazow argues the trial court lacked subject-matter jurisdiction because the amount in controversy failed to meet the over-$30,000 jurisdictional threshold for circuit court. As explained below, we agree with Lazow that the circuit court lacked subject-matter jurisdiction over the matter, rendering the default final judgment void.

## BACKGROUND

On August 21, 2021, Lazow executed a retainer agreement with a law firm, Amber B. Glasper, P.A. Pursuant to the agreement, Lazow retained the law firm to represent her in several domestic violence cases and agreed to pay an initial retainer fee of $20,000. Over a month later, alleging nonpayment, the law firm filed suit for breach of contract in circuit court, attaching the retainer agreement. The relevant portions of the complaint allege that:

1. This is an action for damages that exceeds thirty thousand dollars ($30,000.00).

. . . .

10. It is undisputed that Plaintiff and Defendant entered into a written contract, the Retainer Agreement ("contract"), wherein Defendant agreed to pay the initial retainer fee of $20,000.00 and Plaintiff agreed to represent Defendant in her Domestic Violence Cases (Case No.: 2021-016287; 2021-004135; 2021-015669).

. . . .

2

12. To date, Defendant has failed to pay the initial retainer fee of $20,000.00, as she is obligated to under the contract.

. . . .

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant for breach of the contract, that Defendant provide payment to Plaintiff for the initial retainer fee, and grant such further relief as this Court deems just and proper.

After Lazow failed to respond to the complaint, the law firm moved for default, which was granted, and for entry of default judgment, which the trial court granted on July 5, 2022, awarding the requested $20,000.00 in liquidated damages, plus $2.99 in pre-judgment interest. On December 23, 2022, Lazow filed a motion to set aside a void judgment, arguing that the trial court's lack of subject-matter jurisdiction rendered the judgment void, and the action should be dismissed, or transferred to county court, for lack of subject-matter jurisdiction.

## ANALYSIS

A circuit court possesses subject-matter jurisdiction over an action at law, filed on or after January 1, 2020, where the amount in controversy, exclusive of interest, costs, and attorney fees, exceeds $30,000. § 26.012(2)(a), Fla. Stat.; § 34.01(1)(c)2., Fla. Stat. Generally, "[t]he pleading threshold to invoke the subject matter jurisdiction of the circuit court . . . is merely that the amount claimed must be made 'in good faith.'" See Foley v.

3

Wilson, 126 So. 3d 340, 341 (Fla. 3d DCA 2013) (citation omitted). However, "the jurisdictional minimum is not sufficient [to confer jurisdiction] where on the face of the allegation . . . it appears that the required minimum amount is actually not involved, or that the facts alleged cannot furnish any legal basis for the claim raised." Sullivan v. Nova Univ., 613 So. 2d 597, 599 (Fla. 5th DCA 1993) (alteration in original) (citation omitted); see Grunewald v. Warren, 655 So. 2d 1227, 1229 (Fla. 1st DCA 1995) ("To decide whether appellants have stated a cause of action for damages in excess of the circuit court's jurisdictional threshold . . . the allegations of the . . . complaint are properly looked to.").[1]

Here, the complaint begins with the boilerplate, conclusory paragraph that the amount in controversy exceeds $30,000. However, that conclusory allegation conflicts with the more specific allegations in the complaint, which demonstrate that the law firm sought an amount less than the over-$30,000 jurisdictional threshold. The complaint reveals that the law firm sued for breach of contract based on Lazow's purported failure to pay the $20,000.00 retainer fee.[2] For instance, the complaint alleges that Lazow promised to

---

[1] "As a trial court's ruling on whether a judgment is void presents a question of law, an appellate court reviews the trial court's ruling de novo." Nationstar Mortg., LLC v. Diaz, 227 So. 3d 726, 729 (Fla. 3d DCA 2017).

[2] Lazow also filed an affidavit in support of her motion to set aside void judgment, attesting that the law firm sent her one invoice demanding

4

pay $20,000.00 as an initial retainer, and that despite the work of the law firm, Lazow had "not paid the initial retainer of $20,000.00 and has breached the Retainer Agreement." See Rappa v. Island Club W. Dev., Inc., 890 So. 2d 477, 479 (Fla. 5th DCA 2004) ("[T]he bare allegation of an amount in controversy exceeding $15,000 is insufficient to confer jurisdiction upon the circuit court because the facts alleged in the complaint demonstrate an amount that is substantially less than $15,000.").

Because there is no good faith basis supporting the law firm's allegation that the amount in controversy exceeded $30,000, and because

---

payment. The invoice reflected a total of 54.80 hours worked and an outstanding balance of $22,455.00. Although the law firm contends that an invoice exists for over $30,000 of legal services, the date of the invoice postdates the filing of the lawsuit. There's no competent evidence from which the trial court could have concluded that this invoice was presented to Lazow prior to the filing of the lawsuit. In fact, the invoice contains a due date of March 31, 2023, while the lawsuit was filed on September 24, 2021. Based on the record before us, no competent evidence supports a good faith basis that, at the time the lawsuit was filed, an amount over $30,000, exclusive of costs, fees, or interest, was at issue. "Where the court's jurisdiction is based on the amount in controversy, the test to determine the jurisdiction of the court is the amount in good faith claimed or put in controversy *when the action is commenced*." Fedan Corp. v. Reina, 695 So. 2d 1282, 1282 (Fla. 3d DCA 1997) (emphasis added) (internal quotations and citation omitted); see Plutt v. Ross, 230 So. 3d 883, 885 (Fla. 4th DCA 2017) ("[J]urisdiction is properly invoked by filing the complaint . . . ."); see also Metro. Drywall Sys., Inc. v. Dudley, 472 So. 2d 1345, 1346 (Fla. 2d DCA 1985) ("In determining whether the trial court's jurisdiction was properly invoked, the controlling standard is the amount claimed and in good faith placed in controversy, not the recoverable amount.").

5

the facts alleged in the complaint demonstrate a claimed amount of less than $30,000, the circuit court lacked subject-matter jurisdiction over the matter. Accordingly, we vacate the default final judgment and remand this matter to the trial court for further proceedings, which may include dismissal without prejudice or transfer to county court, as appropriate.

Default final judgment vacated; reversed and remanded, with instructions.