CARROLL, Judge.
The appellant was the payee on three checks aggregating $2,070, on which the appellees appeared, at the place for signature of the maker, as follows:
“DADE COUNTY NURSERIES, INC.
(sg) Richard C. Naugle”
The payee filed an action against the corporation and Naugle to recover the amount of the checks. It was alleged that Naugle was the president of the corporation and had authority to and did bind it. Defendants moved to dismiss. The motion was granted and the cause was dismissed with prejudice. The ground set out in the order of dismissal was that “a cause of action could not be stated against both the Defendants Richard C. Naugle and Dade County Nurseries, Inc., in the same complaint, and the Court having granted leave to file an Amended Complaint only on the condition that the Plaintiff (a) make an election as to which Defendant he wished to proceed against, or (b) amend his complaint to plead against the Defendants in the alternative, and it appearing tO' the Court that the Plaintiff wishes to stand on his Amended Complaint as drawn and refuses to plead further, * *
The complaint made a case against Naugle by showing he placed his name on the checks along with the name of the corporation but without any official designation to his name. Section 674.22, Fla.Stat., F.S.A.; Betz v. Bank of Miami Beach, Fla.1957, 95 So.2d 891. Also, the allegations of the complaint as amended were sufficient to state a cause of action against the corporation as a maker.
The appellant argued, and we agree, the trial court was in error in concluding that on the facts disclosed the complaint could not state a cause of action against both defendants as makers, but only against one or the other. It does not follow, and we do not hold that both defendants can be proved liable. Naugle’s liability as a maker may exist without regard to any evidence of his office or authority in the cor- *367 poratiori. Betz v. Bank of Miami Beach, supra. The corporation may be shown to be liable by proof of the allegations referred to. Section 674.21, Fla.Stat., F.S.A. Naugle’s status, left unexplained, could render him liable, but then there would be absence of proof of due execution by the corporation. On the other hand, if plaintiff presents evidence showing Naugle’s office in the corporation and that he had authority to and did sign for the purpose of binding it, such evidence would implicate the corporation but exculpate Naugle.
Accordingly, the order of dismissal is reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
HENDRY, J., dissents.