472 So.2d 1315 (1985)
Eugene A. FISCHER, Appellant,
v.
Jorge RODRIGUEZ-CAPRILES, Appellee.
No. 84-2140.
District Court of Appeal of Florida, Third District.
July 16, 1985.
Fowler, White, Burnett, Hurley, Banick & Strickroot and A. Rodger Traynor, Jr., Miami, for appellant.
Blank, Rome, Comisky & McCauley and James S. Maxwell, Miami, for appellee.
Before DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
Defendant, Eugene A. Fischer, appeals an order granting summary final judgment for plaintiff/appellee, Jorge Rodriguez-Capriles, *1316 in an action for breach of contract and wrongful check dishonor.
Plaintiff alleges that pursuant to an agreement entitled "Uniform General Charter," defendants, I.S.O., Inc., Outer Island Shipping Corporation of Panama, and Eugene A. Fischer, agreed to ship a cargo of lumber from Brazil to New Orleans for which plaintiff advanced defendants $100,000. The agreement provided that in the event of cancellation the $100,000 advance payment would be refunded immediately. When plaintiff exercised his option to cancel the agreement, defendant I.S.O. remitted a check for $100,000, payable to the order of plaintiff's attorney. The check was presented for payment to the drawee bank, but payment was refused and the check was returned for "insufficient funds."
Fischer and I.S.O.'s motion to dismiss the complaint was denied. Defendants then filed a motion to compel arbitration and stay proceedings based on paragraph 22 of the charter agreement which provided: "Arbitration to be held in Miami, Florida." That motion was also denied. In responsive pleadings I.S.O. and Fischer alleged failure of consideration as one of their affirmative defenses. Plaintiff filed a motion for summary final judgment on both counts of the complaint. The trial court granted the motion on the contract count (count I), but denied it without prejudice as to the count based on the dishonored check (count II). Plaintiff renewed the motion as to the second count and filed an affidavit of his attorney which stated: (1) the attorney was the payee of the check only because he was counsel for plaintiff; (2) when he presented the check for payment to the drawee bank, payment was refused; and (3) he then delivered the check to plaintiff. The trial court granted the renewed motion for summary final judgment on count II against both I.S.O. and Fischer. Attorney's fees were awarded to plaintiff pursuant to sections 57.105 and 68.065, Florida Statutes (1983).
Defendant Fischer filed this appeal alleging that (1) the dispute should have been submitted to arbitration on his motion in accordance with a provision of the charter agreement; (2) the agreement contained a patent ambiguity as to whether plaintiff personally obligated himself as a contracting party; (3) as to appellant Fischer there was no proof of consideration for the check sued upon, nor was there proof that Fischer gave the check to plaintiff in payment of an antecedent obligation; (4) the court could not logically hold both Fischer and I.S.O. jointly liable on the check; and (5) the award of attorney's fees under section 57.105 was unjust and erroneous, and the award of fees under section 68.065 cannot be determined until there is a finding that Fischer is liable on the contract and check.
We dispose of the first issue in this appeal by holding that the bare provision in a contract  "Arbitration to be held in Miami, Florida"  without more, did not obligate the parties to arbitrate any dispute arising out of the agreement, but was a choice of the place for arbitration in the event of an agreement to arbitrate. See Post Tensioned Engineering Corp. v. Fairways Plaza Associates, 412 So.2d 871 (Fla. 3d DCA), rev. denied, 419 So.2d 1197 (Fla. 1982) (provision that arbitration is to be conducted under rules of American Arbitration Association merely expressed the method to be followed and was not a choice of forum or state law). An intent to waive the right to have disputes resolved by the courts must be clear and will not be presumed. See Wood-Hopkins Contracting Co. v. C.H. Barco Contracting Co., 301 So.2d 479 (Fla. 1st DCA 1974).
In light of the above holding, we need not address the second part of the question, i.e., whether the filing of and hearing on defendants' motion to dismiss for failure to state a cause of action prior to the filing of a motion to compel arbitration, constituted a waiver of the right to arbitrate. Cf. Lapidus v. Arlen Beach Condominium Association, 394 So.2d 1102 (Fla. 3d DCA 1981) (filing of motion for summary judgment is a waiver of contractual right to arbitrate).
*1317 As to the third point on appeal we hold that in an action for wrongful dishonor of a negotiable instrument brought by a holder who has notice that the instrument has previously been dishonored, summary judgment may not be granted against the signer of a corporate check in his individual capacity in the face of an affirmative defense of no consideration, where the holder does not prove conclusively the existence of consideration, or that the instrument was given in payment of an antecedent obligation. See § 673.408, Fla. Stat. (1983);[1]Highlands Insurance Co. v. Lucci, 423 So.2d 947 (Fla. 3d DCA 1982) (a movant for summary judgment must conclusively refute affirmative defenses asserted by the non-movant). No such proof was presented in support of the motion for summary judgment.
Fischer's signature on the corporate check without any official designation as to his office or authority created an ambiguity as to liability which could be resolved only by extrinsic proof. If the evidence shows that the signer had the authority to and did sign for the purpose of binding the corporation, such evidence would implicate the corporation but would exculpate the signer. On the other hand, if the signer's status is left unexplained he could be held liable, which would indirectly exculpate the corporation since there would be no proof of due execution by a corporate officer. Edwards v. Naugle, 142 So.2d 365 (Fla. 3d DCA 1962). Contrary to appellee's assertion, he cannot prevail on a theory of joint and several liability on the instrument but must establish Fischer's individual obligation independent of the corporation's obligation.
We agree with appellant that on the issue of his individual liability there remain genuine issues of material fact which rendered summary judgment inappropriate. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). We accordingly reverse the award of attorney's fees.
Reversed and remanded for further proceedings.
NOTES
[1] Section 673.408, Florida Statutes (1983) provides in pertinent part:

Want or failure of consideration is a defense as against any person not having the rights of a holder in due course (s. 673.305), except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind.