DELL, Judge.
Appellant contends that the trial court erred when it entered an order compelling arbitration and staying proceedings in the trial court. We agree and reverse.
This appeal arises out of an action for personal injuries sustained in an automobile accident. The plaintiff in the personal injury action sued the parties to this appeal. Upon settlement of the personal injury action, appellant and appellees entered into a stipulation for judgment of dismissal. The stipulation included the following provision:
This language shall not effect the already agreed to resolution via arbitration pending amongst Refrigerated Transport, Inc., Malone & Hyde, Inc., McAr-thur Dairy, Inc. and their respective carriers.
The trial court apparently granted appel-lee’s motion based upon the stipulation for dismissal filed in the personal injury action. Appellee RTC Transport, Inc. filed an appendix to its brief containing correspondence between the parties concerning, among other things, the form of arbitration, the number of arbitrators, the manner *366 of selection of the arbitrators and the procedure for arbitration. Appellant claims that the trial court did not have the correspondence contained in the appendix when it granted appellee’s motion.
Appellant contends that the trial court erred when it entered its order compelling the parties to arbitrate and to stay proceedings because there was no enforceable contract requiring arbitration and, in the alternative, that appellees waived the right to arbitration by cross-claiming, counterclaiming, and conducting discovery in the trial court action.
The language contained in the stipulation for dismissal of the personal injury action does not contain any terms or conditions for arbitration. The sparse record before us, including the correspondence in appellee’s appendix, does not contain sufficient evidence to establish the basic terms of an arbitration proceeding such as the form and procedure for arbitration, the number of arbitrators, how the arbitrators were to be selected, or for that matter, the issues to be decided by arbitration. In Wood-Hopkins Contracting Company v. C.H. Barco Contracting Company, 301 So.2d 479 (Fla. 1st DCA 1974), the contract stated that a subcontractor can submit evidence in any arbitration proceeding under conditions set forth in the general contract, yet the general contract was silent on the subject of arbitration. The court reversed an order finding that the parties had agreed to arbitrate:
Provisions in a contract providing for arbitration must be definite enough so that the parties at least have some idea as to what particular matters are to be submitted to arbitration and set forth some procedures by which arbitration is to be effected. G & N Construction Co. v. Kirpatovsky, 181 So.2d 664 (Fla.App. 1966).
It is also the rule of law in Florida that ambiguous provisions dealing with arbitration will be construed against arbitrating disputes arising out of a contract or its performance. Duval County v. Charleston Engineering & Contracting Co., 101 Fla. 341, 134 So. 509 (1931).
The district court reached a similar conclusion in Fischer v. Rodriguez-Capriles, 472 So.2d 1315 (Fla. 3d DCA 1985).
The record before us does not contain sufficient evidence as to the terms of the alleged arbitration agreement for us to hold that the parties entered into a binding contract for arbitration. Therefore we hold that the trial court erred when it entered its order compelling arbitration. In the absence of an enforceable agreement to arbitrate, we find it unnecessary to address the issue of waiver.
REVERSED and REMANDED.
GLICKSTEIN and GUNTHER, JJ., concur.