POLEN, J.
 

 Premier Real Estate Holdings, LLC (“Buyer”) appeals a final order denying its motion to compel arbitration in its dispute with Appellees (“Seller”) over the return of a deposit. Because we conclude that the failure to designate the “rules” under which the arbitration would be governed did not invalidate the arbitration clause, we reverse the order on appeal and remand for further proceedings.
 

 In July of 2006, the parties executed a commercial contract for the purchase and sale of a townhouse development. The contract called for a total price of $11.4 million, an initial deposit of $250,000, and a closing date on or before September 15, 2006. The contract required a second deposit of $250,000 to be made within fifteen days. After several amendments to the contract, which extended the time for Buyer to make the second deposit, the parties set the closing date for October 31, 2006. The second deposit was never made, and the sale fell through. A dispute then arose regarding the return of Buyer’s initial deposit.
 

 The contract contains an arbitration clause which states, in relevant part, that
 

 [a]ny controversy or claim arising out of or related to this Contract, or the breach thereof, shall be settled by neutral binding arbitration in Dade County, Florida, in accordance with the rules of _ (Name of Organization) and not by any court action except as provided by Florida law for judicial review of arbitration proceedings ....
 

 The contract states that it “will be construed under Florida law....”
 

 Nearly two years after the scheduled closing date, Buyer demanded that the dispute over the deposit be submitted to arbitration pursuant to the above provision. Seller refused, and Buyer filed its motion to compel arbitration. In opposition, Seller argued that the provision lacked the necessary terms to form a binding agreement, as it contained a “blank line” and failed to set forth the rules and procedures to govern arbitration (e.g., the number of arbitrators comprising the arbi-tral panel; the qualification and selection of the arbitrator(s); payment to the arbitrators). Seller also argued that the arbitration clause was unconscionable, and that the claim was barred by the statute of limitations. After a hearing on the matter, the trial court said it was a “very close call,” but ruled in favor of Seller, finding that the “blank line” invalidated the arbitration clause.
 

 “[T]he standard of review applicable to the trial court’s construction of an arbitration provision, and to its application of the law to the facts found, is
 
 de novo.” BDO Seidman, LLP v. Bee,
 
 970 So.2d 869, 874 (Fla. 4th DCA 2007);
 
 see also Chap
 
 
 *710
 

 man v. King Motor Co. of S. Fla.,
 
 833 So.2d 820, 821 (Fla. 4th DCA 2002) (trial court’s decision on validity of arbitration agreement is matter of contract interpretation subject to de novo review).
 

 The court must consider three elements in determining a party’s entitlement to arbitration: “(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.”
 
 O’Keefe Architects, Inc. v. CED Constr. Partners, Ltd.,
 
 944 So.2d 181, 185 (Fla.2006) (quoting
 
 Seifert v. U.S. Home Corp.,
 
 750 So.2d 633, 636 (Fla.1999));
 
 BDO Seidman, LLP,
 
 970 So.2d at 874.
 

 At issue here is the first element,
 
 [1]
 
 whether the parties entered into a valid agreement to arbitrate. Buyer argues that the arbitration clause — despite its failure to designate the arbitration organization — fully complies with the Florida Arbitration Code, which directs that
 

 [t]wo or more parties may ... include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof.... Such agreement or provision shall be valid, enforceable, and irrevocable....
 

 § 682.02, Fla. Stat. (2006). Buyer submits that the failure to designate the “rules” for the arbitration is not fatal because the Legislature included “gap fillers” in the Code. We agree with Buyer.
 

 Chapter 682, Florida Statutes, sets forth the rules and procedures for arbitration in the event an arbitration clause is silent on such matters.
 
 See generally
 
 Ch. 682, Fla. Stat. For example, section 682.04 provides:
 

 If an agreement or provision for arbitration subject to this law provides a method for the appointment of arbitrators or an umpire, this method shall be followed.
 
 In the absence thereof,
 
 or if the agreed method fails or for any reason cannot be followed ...
 
 the court, on application of a party to such agreement or provision shall appoint one or more arbitrators or an umpire.
 
 An arbitrator or umpire so appointed shall have like powers as if named or provided for in the agreement or provision.
 

 (Emphasis added.)
 

 Brown v. ITT Consumer Financial Corp.,
 
 211 F.3d 1217 (11th Cir.2000), cited by Buyer, is instructive. In
 
 Brown,
 
 the parties had agreed that “any dispute between them ... shall be resolved by binding arbitration under the Code of Procedure of the National Arbitration Forum [NAF]”.
 
 Id.
 
 at 1220. Brown argued that the arbitration clause was void because the specified forum, the NAF, had dissolved.
 
 Id.
 
 at 1220-21. The court rejected that argument, stating: “Section 5 of the [Federal Arbitration Act] provides a mechanism for appointment of an arbitrator where ‘for any [ ] reason there shall be a lapse in the naming of an arbitrator....’ 9 U.S.C. § 5 (West 2000). The unavailability of the NAF does not destroy the arbitration clause.”
 
 Id.
 
 at 1222.
 

 Similarly, the failure to designate the “rules” under which the arbitration would be governed did not invalidate the arbitration clause in the instant case. The contract states that it will be construed under Florida law, and the Florida Arbitration Code — which does not require an arbitration clause to set forth the “rules govern
 
 *711
 
 ing the arbitration” — fills in the “gaps” or missing procedures.
 
 See also New Port Richey Med. Investors, LLC v. Stern,
 
 14 So.3d 1084, 1087 (Fla. 2d DCA 2009) (holding that unavailability of parties’ chosen arbitrator to conduct arbitration did not render arbitration agreement unenforceable; under section 682.04, the circuit court must appoint another arbitrator or arbitrators).
 

 Seller relies on
 
 Malone & Hyde, Inc. v. RTC Transportation, Inc.,
 
 515 So.2d 365 (Fla. 4th DCA 1987), in which this court reversed an order compelling arbitration, concluding that the record contained insufficient evidence as to the terms of the alleged arbitration agreement for the court to hold that the parties entered into a binding contract for arbitration.
 
 Id.
 
 at 366. This court noted that “[p]rovisions in a contract providing for arbitration must be definite enough so that the parties at least have some idea as to what particular matters are to be submitted to arbitration and set forth some procedures by which arbitration is to be effected.”
 
 Id. Malone
 
 is distinguishable, however, as the purported arbitration clause, which was included in a stipulation for judgment of dismissal, was a mere passing reference to “the already agreed to resolution via arbitration.”
 
 See id.
 
 at 365. The stipulation was silent as to
 
 what
 
 the parties agreed to submit to arbitration, and did not contain the language mandated by section 682.02, i.e., provide “for the settlement by arbitration of any controversy thereafter arising between [the parties] relating to such contract or the failure or refusal to perform the whole or any part thereof.” Here, in contrast, the arbitration clause states that
 
 “[a]ny controversy or claim arising out of or related to this Contract, or the breach thereof,
 
 shall be settled by neutral binding arbitration.” (emphasis added.) Moreover, the contract states that it will be construed under Florida law and, as discussed, the Florida Arbitration Code fills in the “missing procedures.”
 

 Seller contends that, if this court finds the arbitration agreement is not missing material terms, it should find the clause unconscionable. To support a finding of unconscionability sufficient to invalidate an arbitration clause, Seller had to establish
 
 both
 
 procedural and substantive unconscionability.
 
 Chapman,
 
 833 So.2d at 821. The Second District has explained the two types of unconscionability as follows:
 

 Procedural
 
 unconscionability relates to the manner in which a contract is made and involves consideration of issues such as the bargaining power of the parties and their ability to know and understand the disputed contract terms.
 
 Substantive
 
 unconscionability, on the other hand, requires an assessment of whether the contract terms are “so ‘outrageously unfair’ as to ‘shock the judicial conscience.’ ” A substantively unconscionable contract is one that “no man in his senses and not under delusion would make on one hand, and as no honest and fair man would accept on the other.”
 

 Bland v. Health Care & Retirement Corp. of Am.,
 
 927 So.2d 252, 256 (Fla. 2d DCA 2006) (citations omitted; emphasis added).
 

 Here, there was no procedural uncon-scionability, as the underlying transaction involved sophisticated parties dealing with a large amount of money for the purchase of commercial property. Nothing in the record reflects evidence of disparity between the parties’ education, age or competency. As noted by Buyer, the arbitration provision could have been deleted or modified. Indeed, the contract reflects that other modifications were made.
 

 As Seller has not demonstrated that the arbitration provision is procedurally unconscionable, this court need not decide
 
 *712
 
 whether the provision is substantively unconscionable.
 
 See Chapman,
 
 833 So.2d at 821. In any event, there are no terms in the arbitration provision that appear to be “so ‘outrageously unfair’ as to ‘shock the judicial conscience.’ ”
 
 See Bland,
 
 927 So.2d at 256 (citation omitted). Rather, the arbitration provision is neutral and fair to both parties.
 

 Finally, Seller’s statute of limitations argument is premature and should not be decided by this court, as the issue of timeliness is a question for an arbitrator.
 
 See, e.g., Thenet v. Jenne,
 
 968 So.2d 46, 46-47 (Fla. 4th DCA 2007).
 

 Reversed and remanded.
 

 MAY and GERBER, JJ., concur.
 

 [1]
 

 . Seller concedes that the only issue in dispute is whether the clause is a valid agreement to arbitrate.