PER CURIAM.
Affirmed.
NORTHCUTT and LaROSE, JJ., Concur.
ALTENBERND, J., Concurs with opinion.
*1105 ALTENBERND, Judge,
Concurring.
This appeal challenges the circuit court’s order enforcing a nursing home arbitration agreement. This case cannot be distinguished from Sarasota Facility Operations, LLC v. Manning, 112 So.3d 712 (Fla. 2d DCA 2013). Accordingly, I am bound by the law of this district. If I were ruling on a clean slate, I would not enforce this agreement.
Rena C. Sheptak was a patient at a facility known as Kindred Hospital Central Tampa. According to the pleadings, this hospital is owned by Transitional Hospitals Corporation of Tampa, Inc. The parent corporation of Transitional Hospitals is Kindred Healthcare, Inc. The Estate of Rena C. Sheptak filed a lawsuit alleging negligence and wrongful death relating to her treatment at the hospital and demanding trial by jury.
There is no dispute that, relying on a power of attorney, Nicholas Sheptak signed an arbitration agreement with “Kindred Hsp Central Tampa” on behalf of Rena C. Sheptak on March 4, 2011. The circuit court entered the order on appeal enforcing this agreement.
The agreement begins with a statement that: “Alternative dispute resolution, including arbitration, is a method of resolving disputes without the substantial time and expense of using the judicial system,” To avoid using the judicial system, the agreement later recites that any claim related to the agreement “shall be submitted to alternative dispute resolution ... in accordance with the NAF Mediation Rules and NAF Code of Procedure (hereinafter, collectively, the ‘NAF Rules of Procedure’).”
What the hospital did not tell the Shep-taks in its form contract was that the National Arbitration Forum had not been handling consumer claims such as nursing home claims since 2009. The rules the hospital wished to use apparently were those that the NAF archived from 2008. It stopped handling such claims after the Minnesota Attorney General sued NAF for consumer fraud. See Green v. U.S. Cash, 724 F.3d 787 (7th Cir.2013) (dissenting opinion); In re National Arbitration Forum Trade Practices Litig., 704 F.Supp.2d 832, 835-36 (D.Minn.2010).
I suppose it is not humanly impossible to perform an agreement to arbitrate that lacks a specific forum and uses outdated rules created by an entity that abandoned the business of consumer alternative dispute resolution under pressure from the Minnesota Attorney General. Indeed, it probably is not impossible .to enforce an agreement to arbitrate that says: “we agree to arbitrate and will figure out all the procedural details later if and when that is necessary.” But when patients sign these form agreements, Kindred Healthcare unquestionably represents to them that the main consideration for the agreement — the consideration given in exchange for their knowing and intelligent waiver of the constitutional right to trial by jury — is a preplanned, efficient dispute resolution process. It is impossible for Kindred Healthcare to provide that consideration for this contract and to fulfill its side of the bargain without an established forum and while using outdated rules of dubious origin. This impossibility was created by Kindred Healthcare’s choice to rely on forms that are at best woefully outdated. I see no reason why the judiciary should force the Sheptaks to arbitrate under these conditions. I would recognize their constitutional right to trial by jury.