NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TERRY P. HEDDEN, JR.,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
Appellant,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Case No. 2D18-4584
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
Z OLDCO, LLC f/k/a ZTS.COM⠀⠀⠀)
LLC, successor by conversion to⠀⠀)
ZENO TECHNOLOGY SOLUTIONS,⠀)
INC. f/k/a HEDDEN ENTERPRISES,⠀)
INC.,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀⠀)
_____)

Opinion filed October 30, 2019.

Appeal from the Circuit Court for
Hillsborough County; Steven Scott
Stephens, Judge.

Charles A. Samarkos, Charles A. Buford,
and Rachael L. Wood of Johnson, Pope,
Bokor, Ruppel, & Burns, LLP, Clearwater,
for Appellant.

Steven C. Pratico and Chance Lyman
of Buchanan Ingersoll & Rooney PC,
Tampa, for Appellee.


ATKINSON, Judge.

Terry P. Hedden, Jr., appeals the denial of his motion to compel arbitration of a three-count declaratory judgment action filed by Z Oldco, LLC, the successor to the entity to which Hedden sold a business. Because each of Z Oldco's claims arise under the arbitration provision contained in the Compensation Agreement, we reverse.

In connection with the sale of his business, Hedden agreed to remain on as an employee for one year to assist with the transition and maintain goodwill with clients. On October 1, 2012, he and Z Oldco's predecessor entered into a Compensation Agreement to govern the terms of that relationship. Hedden also signed a Non-Compete Agreement, which restricted his ability to operate a similar business for two years following termination of his employment with Z Oldco's predecessor.

The Compensation Agreement provides for the payment of a two-million-dollar bonus (the "Exit Bonus"), to be paid out in intervals based on the success of the business, with the balance paid upon termination of Hedden's employment. Payment of this bonus is conditioned upon Hedden's continued compliance with the Non-Compete Agreement.

The Compensation Agreement contains an arbitration provision, covering "[a]ny dispute, controversy or claim arising out of or relating to this Agreement." The Non-Compete Agreement contains a provision entitled "Governing Law, Jurisdiction and Venue," which provides the following:

> This Agreement shall be construed in accordance with and shall be governed by the laws of the State of Florida and venue of any action hereunder shall lie solely with the courts in and for Hillsborough County, Florida, to which jurisdiction each of the parties hereto agrees to submit for the purposes of any litigation involving this Agreement.

Hedden's employment terminated in October 2013. On May 24, 2018, Hedden's attorney sent Z Oldco a letter demanding payment of the Exit Bonus due under the Compensation Agreement (the Demand Letter). One month later, Z Oldco filed a declaratory judgment action, seeking a determination as to whether: (I) Hedden violated the Non-Compete Agreement; (II) the Exit Bonus is due to Hedden under the Compensation Agreement if he is in violation of the Non-Compete Agreement; and (III) whether the terms of the Compensation Agreement have been fulfilled such that payment of the Exit Bonus is due to Hedden. Hedden moved to compel arbitration pursuant to the arbitration clause of the Compensation Agreement.

The trial court denied the motion and concluded that Count I "related more closely to the Non-[C]ompete Agreement than to the Compensation Agreement, and thus is subject to adjudication by the court." The trial court reasoned that because Counts II and III were dependent upon the resolution of Count I, it "need not decide whether those counts must be severed and stayed pending arbitration." Hedden filed the instant appeal, claiming that all three counts are arbitrable.

Our review of this interlocutory order denying the motion to compel arbitration is de novo. See Verizon Wireless Pers. Commc'ns, LP v. Bateman, 264 So. 3d 345, 348 (Fla. 2d DCA 2019); Woebse v. Health Care & Ret. Corp. of Am., 977 So. 2d 630, 632 (Fla. 2d DCA 2008). "[A] party who timely objects to arbitration should not be compelled to arbitrate a specific claim unless the party demanding arbitration establishes that the scope of the relevant arbitration clause, under an analysis favoring arbitration, is sufficient to encompass such a dispute." CSE, Inc. v. Barron, 620 So. 2d 808, 809 (Fla. 2d DCA 1993).

When ruling on a motion to compel arbitration, the trial court must consider the following: "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999). Whether an arbitrable issue exists—the question at issue in this case—depends on whether there is a "significant relationship" or "nexus" between the dispute and the contract containing the arbitration provision. Id. at 638 ("[E]ven in contracts containing broad arbitration provisions, the determination of whether a particular claim must be submitted to arbitration necessarily depends on the existence of some nexus between the dispute and the contract containing the arbitration clause.").

Z Oldco filed a complaint for declaratory relief, a cause of action which requires a plaintiff to "allege a present controversy based on articulated facts which demonstrate a real threat of immediate injury." Apthorp v. Detzner, 162 So. 3d 236, 240 (Fla. 1st DCA 2015) (citing Reinish v. Clark, 765 So. 2d 197, 202 (Fla. 1st DCA 2000)).

> Specifically, [the plaintiff is] required to establish that[] there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

Id. (quoting Martinez v. Scanlan, 582 So. 2d 1167, 1170 (Fla. 1991)).

For all counts of its declaratory judgment complaint, Z Oldco chose to rely on the following allegation to support its entitlement to declaratory relief: "There is a bona fide, actual, and present dispute between the parties, as stated in the May 24, 2018[,] correspondence of Hedden's counsel, which is attached as Exhibit C [the Demand Letter]." The Demand Letter leaves no question about what that dispute is: Under the "Compensation Agreement," Hedden is entitled to receive an "Exit Bonus," but, "[n]otwithstanding the terms of the [Compensation] Agreement, none of the Exit Bonus has been paid . . . ."

Z Oldco presumably chose to rely on Hedden's Demand Letter for a good reason: It is what this case is about. It is a dispute about an employment agreement in which one party thinks he ought to get paid something the other party thinks he ought not. The employment agreement includes, unsurprisingly, an arrangement regarding the rate, method, and timing of financial compensation for the employee's labor, memorialized in the Compensation Agreement. And the employment agreement includes an arrangement not uncommon to formalized employment agreements: a commitment not to compete with the employer, memorialized in the Non-Compete Agreement. Payment in the Compensation Agreement is made explicitly contingent on, among other things, adherence to the Non-Compete Agreement.

The Compensation Agreement specifically references the concurrently executed Non-Compete Agreement and provides that the Compensation Agreement shall "constitute adequate consideration for execution" of the Non-Compete Agreement. Yet, this court need not make a determination as to whether the Compensation Agreement and Non-Compete Agreement actually comprise one employment

agreement.  Nor does this court need to address the possibility that the Compensation Agreement's express reference to the Non-Compete Agreement gives rise to arbitrability of disputes concerning the latter.  See, e.g., Phoenix Motor Co. v. Desert Diamond Players Club, Inc., 144 So. 3d 694, 698 (Fla. 4th DCA 2014); Lowe v. Nissan of Brandon, Inc., 235 So. 3d 1021, 1026 (Fla. 2d DCA 2018), review dismissed, SC18-207, 2019 WL 446572 (Fla. Feb. 5, 2019).  Z Oldco did not seek to enjoin Hedden from further violation of the Non-Compete Agreement or to obtain damages for prior violations—relief that, if sought, might have necessitated such considerations.

Instead, Z Oldco sought a declaration of past violations of the Non-Compete Agreement to resolve a dispute regarding payment under the Compensation Agreement.  Thus, even assuming the Non-Compete Agreement is a wholly separate contract, the "controversy" that Z Oldco claims not to be covered by the broad arbitration provision in the Compensation Agreement is still about the Compensation Agreement.  All counts of the complaint are expressly intended to resolve a dispute regarding compensation under the Compensation Agreement pursuant to the general allegation—incorporated by reference into each count—invoking the Demand Letter as a bona fide dispute of the parties.  Cf. Seifert, 750 So. 2d at 642 ("None of the allegations assert that [the defendant's] duties or obligations arose from or were governed by the contract.").

It does not matter that a specific allegation of Count I also states that "there is currently a bona fide dispute between the parties as to whether Hedden's conduct . . . constitutes a violation of the Non[-C]ompete Agreement."  The general allegations include a simple explanation of why the Compensation Agreement has a

- 6 -

nexus to every count: "Pursuant to the terms of the Compensation Agreement, Hedden is only entitled to compensation after terminating his employment if he complies with the Non[-C]ompete Agreement." Z Oldco's entire declaratory judgment action, premised as it is on a dispute articulated in the Demand letter, is a "dispute" "arising out of or relating to" the Compensation Agreement, and each count of that action is a "claim" "arising out of or relating to" the Compensation Agreement.

It is true that "the mere fact that the dispute would not have arisen but for the existence of the contract and consequent relationship between the parties is insufficient by itself to transform a dispute into one 'arising out of or relating to' the agreement." Id. at 638 (finding that a wrongful death action against a construction company with which the homeowner had entered into a purchase and sale agreement did not arise out of or relate to that agreement). Yet, there is much more than but-for causation between the Compensation Agreement and the cause of action brought by Z Oldco; there is a nexus that is not attenuated at all by the fact that the complaint also seeks declaratory relief relating to the Non-Compete Agreement. The Compensation Agreement bears a "significant relationship" to the action as a whole and to each of its counts. Cf. id. at 642 ("[T]he dispute does not create a 'significant relationship' to the contract because none of the allegations in the complaint refer to or mention the sales agreement . . . ."). Indeed, it is the stated raison d'etre of the entire complaint: Because Hedden sent a letter demanding payment of compensation, entitlement to which is disputed by the parties, we are in need of a declaration not only as to whether Hedden fulfilled the terms of the Compensation Agreement but also whether he violated the

Non-Compete Agreement, compliance with which is an articulated requirement for payment under the Compensation Agreement.

Z Oldco also claims that disputes related to the Non-Compete Agreement cannot be resolved through arbitration because the Non-Compete Agreement contains a venue clause that is irreconcilable with the arbitration clause in the Compensation Agreement. But the arbitration and venue clauses do not conflict. The former designates the procedure for resolving disputes—arbitration—and the latter designates the venue of litigation should any become necessary—circuit court in Hillsborough County.

The venue clause in the Non-Compete Agreement dictates the forum in the event that a party chooses to litigate a dispute involving the Non-Compete Agreement. The clause only governs the "venue of any action hereunder" and the "jurisdiction . . . for the purposes of any litigation involving this [Compensation] Agreement." It does not mandate that all disputes must be heard by "the courts in and for Hillsborough County, Florida." The provision applies if the parties litigate; it does not provide that the parties must litigate all disputes involving the Non-Compete Agreement. Cf. Fischer v. Rodriguez-Capriles, 472 So. 2d 1315, 1316 (Fla. 3d DCA 1985) ("[T]he bare provision in a contract—'Arbitration to be held in Miami, Florida'—without more, did not obligate the parties to arbitrate any dispute arising out of the agreement, but was a choice of the place for arbitration in the event of an agreement to arbitrate.").[1]

_____

[1]Moreover, the use of the terms "litigation" and "action," as opposed to "dispute," "controversy," or "claim," suggests that this provision applies if the parties litigate, not that litigation is required. The use of the former words do not suggest that the parties intended to carve out an exception to the broad arbitration provision in the Compensation Agreement. See Alternative Dispute Resolution, Black's Law Dictionary

The arbitration provision, in contrast, is broad, requiring arbitration of "[a]ny dispute, controversy or claim arising out of or relating to" the Compensation Agreement.  See O'Keefe Architects, Inc. v. CED Const. Partners, Ltd., 944 So. 2d 181, 188 (Fla. 2006) ("In this case, the parties agreed to a broad provision that requires arbitration of '[c]laims, disputes, and other matters . . . arising out of or relating to' the contract."); see also Citigroup, Inc. v. Boles, 914 So. 2d 23, 25 (Fla. 4th DCA 2005) ("[N]arrow clauses often use the language 'arising under,' and broader clauses use wording such as 'arising out of or relating to' in specifying covered disputes.").  Even parties who wish to arbitrate any disputes arising from or relating to a contract might still find it prudent to designate in what court to bring any litigation that might become necessary—for example, litigation regarding arbitrability.

Both provisions can be given effect without offending the other.  While the language of the venue clause indicates that venue would lie exclusively in Hillsborough County in the event that a party filed suit under the Non-Compete Agreement, nothing suggests that litigation in Hillsborough County courts was to be the exclusive means for the resolution of all disputes concerning that Agreement.  The venue clause can and should be read together with the arbitration clause, the latter of which applies to Z Oldco's cause of action by virtue of the language of the parties' agreements and the allegations of Z Oldco's complaint.

Accordingly, we reverse the order denying the motion to arbitrate and remand with directions to refer each of the declaratory judgment claims to arbitration.

(10th ed. 2014) ("Any procedure for settling a dispute by means other than litigation, as by arbitration or mediation."  (emphasis added)); Action, Black's Law Dictionary (10th ed. 2014) ("A civil or criminal judicial proceeding."  (emphasis added)).

See <u>Austin Commercial, L.P. v. L.M.C.C. Specialty Contractors, Inc.</u>, 268 So. 3d 215, 221 (Fla. 2d DCA 2019).

Reversed and remanded with instructions.

SALARIO, J., and CASE, JAMES, ASSOCIATE JUDGE, Concur.